**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

MICHELLE ONG,
1950 Whitmore Avenue
Los Angeles, CA 90039

Plaintiff,

v.

BENTLEY MEDIA GROUP LLC,
1990 K Street Northwest
Washington, DC 20006

Defendant.

Case No:

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff Michelle Ong ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Bentley Media Group LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff created a video of protestors blocking the road in Black Rock Desert, Nevada (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at domain www.justthenews.com (the "*Website*").

4. Defendant owns and operates a Rumble account with the name "@justthenews" ("*Account 1*").

5. Defendant owns and operates a Facebook account with the name "@justthenewsreports" ("*Account 2*").



SLG SANDERS · LAW GROUP ·

6. Defendant, without permission or authorization from Plaintiff, actively copied, publicly performed, and displayed the Video on the Website as well as the Accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

7. Plaintiff is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California.

8. Defendant is a Delaware limited liability company with a principal place of business at 1990 K Street Northwest, Suite 02R, Washington, DC.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in the District of Columbia.

11. Venue is proper under 28 U.S.C. §1400(a) because Defendant resides or may be found in this Judicial District, and under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Copyright Ownership**

12. Plaintiff is a professional art director, graphic designer, and visual content creator based in Los Angeles, California, who has worked in the creative industry for more than a decade.

13. Plaintiff's work spans brand identity, digital media direction, commercial layout design, and visual content created for corporate and private clients, and her portfolio is published at michellexong.com and on professional design platforms including Behance and ArtStation.

14. Plaintiff is a graduate of Columbia University.

15. Plaintiff is the legal and rightful owner of the Video and of the other creative works



SLG SANDERS · LAW GROUP ·

she creates, which she commercially licenses.

16. Plaintiff has invested significant time and money in building Plaintiff's creative portfolio.

17. Plaintiff has registered her copyright in the Video with the United States Copyright Office (the "*USCO*").

18. Plaintiff's works, including the Video, are original, creative works in which Plaintiff owns protectable copyright interests.

19. On August 27, 2023, Plaintiff first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

20. In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

21. On November 14, 2023, within three months after its first publication, the Video was registered by the USCO under Registration No. PA 2-446-141.

22. Because the Video was registered within three months after its first publication, Plaintiff is entitled to elect statutory damages and to recover attorney's fees for the Infringements pursuant to 17 U.S.C. §412(2), notwithstanding that the Infringements commenced before the effective date of registration.

23. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. Defendant's Infringing Activity**

24. Defendant is the registered owner of the Website and is responsible for its content.

25. Defendant is the operator of the Website and is responsible for its content.

26. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

27. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.



SLG SANDERS LAW GROUP

28. The Website is monetized in that it offers paid subscription services to the public and, on information and belief, Defendant profits from these activities.

29. Defendant is the registered owner of the Accounts and is responsible for their content.

30. Defendant is the operator of the Accounts and is responsible for their content.

31. The Accounts are part of and used to advance Defendant's commercial enterprise.

32. Upon information and belief, Defendant exercised editorial, managerial, operational, promotional, and commercial control over content appearing on the Website and Accounts and possessed the ability to approve, distribute, communicate, publish, remove, and otherwise regulate such content.

33. Upon information and belief, Defendant authorized, ratified, approved, promoted, distributed, communicated, displayed, and/or commercially exploited the Infringements through the Website and Accounts and derived commercial benefit therefrom.

34. Upon information and belief, Defendant's articles, broadcasts, interviews, and video segments are promoted and distributed under the "Just the News" brand and are used to attract audience attention, increase engagement, generate traffic, increase advertising impressions, promote subscriptions, and generate commercial value.

35. Upon information and belief, Defendant derives commercial value from content distributed through television broadcasts, online video platforms, social-media channels, and the Website, including content bearing the "Just the News" name, logo, branding, talent, and promotional materials.

36. Upon information and belief, Defendant knowingly participated in, approved, authorized, promoted, communicated, distributed, published, displayed, and/or commercially exploited the Infringements through the Website and Accounts regardless of whether additional entities participated in the production or broadcast of the underlying segments.

37. Upon information and belief, Defendant possessed the ability to publish, communicate, promote, remove, modify, and otherwise regulate the Infringements appearing on



SLG SANDERS LAW GROUP

the Website and Accounts and exercised such authority directly and/or through agents, contractors, partners, licensors, or affiliated entities.

38. Upon information and belief, Defendant operates a digital-media publishing business through the Website and Accounts and distributes news reporting, interviews, commentary, video content, and related media offerings.

39. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of written and audiovisual content through the Website and Accounts in order to attract audience attention, increase engagement, expand readership, and generate advertising and subscription revenue.

40. Upon information and belief, Defendant derives commercial value from audience engagement, website traffic, advertising impressions, subscriptions, promotions, sponsorships, audience growth, and related business-development opportunities generated by content appearing on the Website and Accounts.

41. The Video appears in a segment of the program "Just the News, No Noise," which is hosted by Defendant's editor-in-chief, John Solomon, and presented under Defendant's "Just the News" name and logo, entitled "Tim Stewart commends Nevada's tribal law enforcement for their handling of climate protestors" (the "Segment"). In the Segment, the Video plays in a split-screen window beside the program's hosts and guest, beneath the caption "Opinion: Nevada Shows How to Deal with Protestors."

42. The Segment attributes the Video on screen to third parties, displaying the legends "Source: Sky News" and "@STILLGRAY," neither of which identifies Plaintiff as the Video's author or owner. Defendant therefore knew that the Video was footage created by a third party, yet did not seek or obtain a license from Plaintiff before publishing it.

43. On or about September 1, 2023, without permission or authorization from Plaintiff, Defendant displayed and publicly performed the Segment, including the Video, on the Website as part of an on-line story at URL: https://justthenews.com/videos/tim-stewart-commends-nevadas-tribal-law-enforcement-their-handling-climate-protestors ("*Infringement 1*"). A copy of a



SLG SANDERS · LAW GROUP ·

screengrab of the Website including the Video is attached hereto collectively as Exhibit 2.

44. Further, on or about September 1, 2023, without permission or authorization from Plaintiff, Defendant uploaded the Segment, including the Video, to Account 1, where it was publicly performed at URL: https://rumble.com/v3dzv58-tim-stewart-commends-nevadas-tribal-law-enforcement-for-their-handling-of-c.html ("*Infringement 2*"), and displayed a frame of the Video on Account 2 as part of a social media post at URL: https://www.facebook.com/JustTheNewsReports/posts/679963857491852 ("*Infringement 3*"). Copies of screengrabs of the Accounts including the Video are attached hereto collectively as Exhibit 2.

45. An archived capture of Account 1 made by the Internet Archive on September 1, 2023 confirms that Infringement 2 was publicly available on that date.

46. Plaintiff first observed the Infringements on November 16, 2023, and did not discover, and could not reasonably have discovered, the Infringements before that date.

47. Upon information and belief, the Video was copied, reproduced, displayed, publicly performed, distributed, communicated, and otherwise exploited by Defendant without license or permission, thereby infringing Plaintiff's copyrights in and to the Video.

48. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

49. The Infringements reproduce a substantial and recognizable portion of Plaintiff's original video recording, which Defendant displayed and publicly performed on the Website as well as the Accounts.

50. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website as well as its Accounts, including, but not limited to copying, posting, selecting, commenting on, and/or displaying videos including but not limited to Plaintiff's Video.

51. Upon information and belief, the Video was willfully and volitionally posted to the

Website as well as the Accounts by Defendant.

52. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

53. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

54. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website as well as the Accounts.

55. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website as well as its Accounts and exercised and/or had the right and ability to exercise such right.

SLG SANDERS · LAW GROUP ·

56. Upon information and belief, videos depicting matters of public controversy, public demonstrations, law-enforcement activity, and current events are particularly valuable to Defendant because such content attracts viewer attention, increases engagement, encourages sharing and discussion, and generates greater commercial value than text-only reporting.

57. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

58. Upon information and belief, the Infringements increased audience engagement with the Website and Accounts and generated additional traffic, advertising impressions, brand visibility, consumer interest, promotional value, subscription value, and commercial value for Defendant.

59. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Website as well as the Accounts.

60. Upon information and belief, Defendant at all times had the ability to stop the reproduction, display, and public performance of Plaintiff's copyrighted material.

61. Defendant's use of the Video harmed the actual market for the Video.

62. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

63. On February 8, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

64. On April 9, 2024, Plaintiff, through counsel, sent a follow-up communication seeking to resolve Plaintiff's claims without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

65. Plaintiff thereafter sent additional communications concerning the Infringements on December 9, 2025 and January 8, 2026.

66. On January 10, 2026, counsel for Defendant responded to Plaintiff's claims and asserted, among other things, that another entity was responsible for selecting and creating the visual content appearing in the Segment.

67. Defendant's assertion does not relieve it of liability. Regardless of any other entity's role in creating the Segment, Defendant itself reproduced, displayed, publicly performed, published, and distributed the Segment, including the Video, on the Website and Accounts, which Defendant owns and controls.

68. Despite Plaintiff's notices, Defendant did not remove the Infringements. Infringement 1 remained publicly available on the Website in May 2024, and as of October 16, 2026, more than two and a half years after Plaintiff's first notice to Defendant, Infringement 2 remained publicly available on Account 1, where the Video continues to play, and Infringement 3 remained publicly available on Account 2.

69. On October 16, 2026, Infringement 2 and Infringement 3 were archived by the Internet Archive at URLs: https://web.archive.org/web/20261016214759/https://rumble.com/v3dzv58-tim-stewart-

SLG SANDERS · LAW GROUP ·

commends-nevadas-tribal-law-enforcement-for-their-handling-of-c.html and https://web.archive.org/web/20261016214849/https://www.facebook.com/plugins/post.php?href=https%3A%2F%2Fwww.facebook.com%2FJustTheNewsReports%2Fposts%2F679963857491852. Screengrabs of Infringement 2 and Infringement 3 as they appeared on October 16, 2026 are attached hereto as Exhibit 3.

70. Despite receiving multiple notices concerning Plaintiff's claims and being afforded multiple opportunities to resolve the matter without litigation, Defendant did not compensate Plaintiff for its unauthorized use of the Video, thereby necessitating the commencement of this action.

71. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

72. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

73. The Video is an original, creative work in which Plaintiff owns a valid copyright.

74. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

75. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of her exclusive rights in the copyright to Defendant.

76. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, publicly performed, and/or publicly displayed the Video, thereby violating Plaintiff's exclusive rights in her copyright.

77. Defendant's Infringements were committed by Defendant on the Website and Accounts, which Defendant owns and controls, and Defendant is individually liable for them.

78. Defendant's reproduction, public performance, and display of the Video constitute willful copyright infringement.

79. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website as well as the Accounts.

80. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c).

81. As a result of Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. § 505 from Defendant.

82. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

83. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying, displaying, and publicly performing it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's



SLG SANDERS LAW GROUP

profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of the Video;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: October 27, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*

Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129489

*Attorneys for Plaintiff*

SLG SANDERS LAW GROUP